NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EL PAPEL, LLC; BERMAN 2, LLC,<br><br>        Plaintiffs-Appellants,<br><br> v.<br><br>CITY OF SEATTLE, a municipal corporation; et al.,<br><br>        Defendants-Appellees,<br><br> and<br><br>JAY R. INSLEE, in his official capacity as Governor of the State of Washington; JENNY A. DURKAN, in her official capacity as the Mayor of the City of Seattle,<br><br>        Defendants. | No.   22-35656<br><br>D.C. No. 2:20-cv-01323-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted April 10, 2023
Seattle, Washington

Before: BYBEE and FORREST, Circuit Judges, and GORDON,** District Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The Honorable Andrew P. Gordon, United States District Judge for

Seattle landlords, El Papel, LLC and Berman 2, LLC (collectively, Landlords), appeal the district court's dismissal of their as-applied Fifth Amendment Takings Clause claims, challenging Washington State's and the City of Seattle's (collectively, Defendants) COVID-19 pandemic eviction moratoria and related regulations.[1] We affirm.

1. ***Jurisdiction.*** Because all the challenged eviction restrictions have now expired, we first assure ourselves that this case is not moot and that we continue to have jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) (instructing that federal courts have an independent obligation to ensure they have jurisdiction regardless of whether jurisdiction is questioned by the parties); *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1112 (9th Cir. 2012) (same). "[A] case is moot on appeal only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ctr. for Biological Diversity v. Export-Import Bank of the United States*, 894 F.3d 1005, 1011 (9th Cir. 2018) (internal quotation marks and citation omitted).

Here, there is effectual relief that we could grant to the Landlords if they were to prevail because they seek nominal damages to remedy the unconstitutional takings

---

the District of Nevada, sitting by designation.

[1] On appeal, the Landlords abandoned their claims for declaratory and injunctive relief, facial challenges, Contracts Clause claim, and challenge to Seattle's repayment plan requirement.

that they allege. *See Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021) ("[F]or the purpose of Article III standing, nominal damages provide the necessary redress for a completed violation of a legal right."); *see also Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 871 n.7 (9th Cir. 2017) ("A claim for nominal damages that seeks to vindicate a constitutional right is not moot.").

Moreover, the Eleventh Amendment does not shield the Defendants from this relief. Municipalities generally do not have immunity under the Eleventh Amendment because they are not arms of the state. *See Ray v. County of Los Angeles*, 935 F.3d 703, 708–09 (9th Cir. 2019). And Washington State waived its Eleventh Amendment immunity here, both through its conduct and expressly at oral argument. *See Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 619 (2002). Having concluded that we continue to have jurisdiction, we address the merits.

2. ***Fifth Amendment Takings.*** We conclude that summary judgment in favor of Washington State on the Landlords' 42 U.S.C. § 1983 Takings claim was appropriate, albeit for a different reason than that relied on by the district court. "[Section] 1983 actions do not lie against a State." *Arizonans for Off. Eng. v. Arizona,* 520 U.S. 43, 69 (1997) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). This rule applies to "[s]tate officers in their official capacities, like States themselves[.]" *Id.* at 69 n.24. Here, the Landlords asserted their § 1983 claim challenging Washington State's COVID-19 eviction moratorium against

3

Washington Attorney General Robert Ferguson in his official capacity. Thus, this claim necessarily fails. *See id.*

We likewise conclude that the district court did not err by granting summary judgment in favor of Seattle. We agree with Seattle that the Supreme Court's decision in *Yee v. City of Escondido*, 503 U.S. 519 (1992), controls here and forecloses the Landlords' per se physical-taking claim. The Landlords argue under *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021), that, as applied, Seattle's eviction restrictions constituted a physical taking. While the Landlords make some compelling points, *Cedar Point Nursery* does not support their claim.

Unlike in *Cedar Point Nursery*, where a state regulation required agricultural employers to grant entry onto their property to union organizers for up to three hours a day so that the organizers could solicit support for unionization, *see* 141 S. Ct. at 2069–70, Seattle's eviction restrictions did not impose a physical occupation on the Landlords, *see Yee*, 503 U.S. at 527 ("The government effects a physical taking only where it *requires* the landowner to submit to the physical occupation of his land."). Nor did Seattle's restrictions compel the Landlords to use their property for a specific purpose. The Landlords here chose to use their property as residential rentals; the tenants' occupancy was not imposed over the Landlords' objection in the first instance. *Cf. Yee*, 503 U.S. at 528 (finding that the government had not "required any physical invasion of [the owners'] property" by the park owners' existing

tenants). And the challenged regulations allowed the Landlords to evict their tenants for some specified purposes. *See* Civil Emergency Order – Moratorium on Evictions, City of Seattle (2020), https://seattle.legistar.com/View.ashx?M=F&ID=8200808&GUID=10C3E639-6641-42EC-88C9-C1201BED327C. Although the Landlords assert that Seattle's eviction restrictions deprived them of their right to exclude, this right is not absolute in the landlord/tenant context. *See Yee*, 503 U.S. at 528; *see also Silver v. Rudeen Mgmt. Co.*, 484 P.3d 1251, 1254–57 (Wash. 2021) (discussing the evolution and scope of state and federal landlord-tenant regulation).

Finally, the Supreme Court's decision in *Alabama Association of Realtors v. HHS*, 141 S. Ct. 2485 (2021), striking down the Center for Disease Control's (CDC) federal eviction moratorium, does not affect our analysis. *Alabama Association of Realtors* did not address a takings claim. The issue presented was whether the CDC had statutory authority to impose a federal eviction moratorium by administrative regulation. *Id.* at 2488. The Court held that the CDC did not have such authority, and so the moratorium could not stand without specific congressional authorization. *Id.* at 2488–89. The Court did not mention or call *Yee* into doubt. The similar question here—whether Defendants' eviction restrictions were a valid exercise of power—is not before us and has no bearing on the Landlords' taking claim. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 425 (1982) ("It is a

separate question . . . whether an otherwise valid regulation so frustrates property rights that compensation must be paid.").

**AFFIRMED.**